[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
By motion dated July 7, 1995, the defendant moved to suppress statements made at the police department on August 4, 1993, by the 15 year old defendant, allegedly "out of the presence of either of his parents" and in violation of Section46b-137(a) of the General Statutes.
A hearing on said motion was held on July 14th and 17th, at which time the state offered the testimony of Sgt. James Griffin and Sgt. Neal O'Leary of the Waterbury Police Department in opposition to the motion, and the defendant offered the testimony of both his parents and himself in support of the motion.
Though the defendant presumes Section 46b-137(a) applies to adult criminal proceedings and the state appears to concede the issue, this court is not so convinced. This statutory rule of evidence by its specific language applies "in a delinquency proceedings." Based on said language, our Supreme Court in the case of In Re Ralph M., 211 Conn. 289, 314 (1989), found this statute inapplicable to transfer proceedings; though, in 1990, the legislature amended Section 46b-127 to make Section 46b-137(a)
applicable to such proceedings. The legislature never made Section 46b-137(a) applicable to adult criminal proceedings. However, in this case, even if the statute applies, this CT Page 7900 court finds the conduct of the police satisfied the statute.
After a careful consideration of all the evidence and bearing in mind the significant interest of the defense witnesses in the outcome of the motion, this court finds the testimony of Sgt. Griffin and Sgt. O'Leary to constitute the more credible version of the circumstances surrounding the taking of the statements.
Specifically, this court finds, by a preponderance of the evidence, the following facts: the defendant gave both his oral and written statement to the police in the presence of his mother; the defendant's father was excluded because he was intoxicated, unruly, and the defendant did not want him to be present; Miranda rights were given to both mother and son, orally and in writing, and both understood the rights and voluntarily waived those rights prior to the taking of any statement.
In this regard, the court credits the testimony of Sgt. Griffin that both mother and son were eager to give their version of the shooting. The written statement itself, State's Exhibit 1, is particularly compelling evidence supporting this finding, in that it is a detailed version of the shooting that concerns both the mother and the son, and constitutes a self-serving explanation of the shooting claiming provocation due to violent conduct by the victim directed against the mother and, ultimately, a suggestion of self-defense. The written statement is signed by both and initialled by both throughout.
It should be noted that, though 15 years old, the defendant was born, raised, and educated in the United States, and was about to enter the 10th grade. He could read and write in English, and had prior experience with the police, statements, and Miranda rights. In any event, at all times during the taking of statements, he had the counsel of his mother, who, at least, could speak and understand English. The Miranda warnings and the statement were read to her by Sgt. Griffin, prior to being signed by mother and son. Both understood the rights and what they were waiving. There was no credible evidence that either was under the influence of liquor or drugs, or in any other way prevented from exercising their will, freely and voluntarily.
Thus, based on a review of the totality of the CT Page 7901 circumstances, the motion to suppress is denied.
FASANO, J.